| **Adversary Proceeding Cover Sheet** | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| PLAINTIFFS<br>Anthony Lee Darcus | DEFENDANTS<br>Augusta Medical Center |
| ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NO.)<br><br>CARLTON LEGAL SERVICES, PLC<br>118 MacTanly Place<br>Staunton, VA   24401     (540) 213-0547 | ATTORNEYS (IF KNOWN)<br>Neal L. Walters, Esquire<br>Scott/Kroner PLC<br>418 E. Water Street<br>Charlottesville, Virginia 22902 |

PARTY (Check one box only)   ☐ 1.  U. S. PLAINTIFF       ☐ 2.  U. S. DEFENDANT       ☒ 3.  U. S.  NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U. S. Statutes involved)

Motion to Recover Money or Property, 11 U.S.C. §522(h), 11 U.S.C. §547, 11 U.S.C. §550

NATURE OF SUIT
(Check the one most appropriate box only)

| | | |
|---|---|---|
| ☐ 424  To object or to revoke a discharge 11 U.S.C. §727 | ☒ 454  To Recover money or Property | ☐ 458  To obtain approval for the sale both the interest of the estate and of a co-owner in property |
| ☐ 426  To determine the dischargeability of a debt  11 U.S.C. §523 | ☐ 455  To Revoke an order of confirmation of a Chap. 11 or Chapt. 13 Plan | ☐ 459  To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 434  To obtain an injunction or other equitable relief | ☐ 456  To obtain a declaratory judgment relating to any of foregoing cause of action | ☐ 498  Other (specify) |
| ☐ 435  To Determine Validity, Priority or Extent of a Lien or Other Interest in Property | ☐ 457  To subordinate any allowed claim of interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS (Check one box only) | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|
| ☒ 1. Original Proceeding     ☐ 2. Removed Proceeding     ☐ 3. Reinstated or Reopened     ☐ 4 Transferred from Another Bankruptcy Court | |

| DEMAND<br>N/A | NEAREST THOUSAND<br>$.0.00 | OTHER RELIEF SOUGHT: To recover money as preference | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR(S)<br>Anthony Lee Darcus | BANKRUPTCY CASE NO.   14-50337 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br><br>Western District of Virginia | NAME OF JUDGE<br><br>Honorable Rebecca B. Connelly, Judge |

DIVISIONAL OFFICE    Harrisonburg, Virginia

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only)      ☐ Fee attached          ☒ Fee Not Required          ☐ Fee is Deferred

| Date<br>June 23, 2014 | Print Name<br>David L. Meeks, Esquire | Signature of Attorney (Or Plaintiff)<br>/s/ David L. Meeks |
|---|---|---|

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| IN RE:    Anthony Lee Darcus<br>*Debtor(s)* | **MOTION TO RECOVER GARNISHED<br>EMPLOYMENT INCOME AS A<br>PREFERENCE** |
| ANTHONY LEE DARCUS<br>    *Plaintiff/Debtor(s)*<br>v.<br>AUGUSTA MEDICAL CENTER | Case number: 14-50337<br><br>Adversary No. _____ |

Serve:
Neal L. Walters, Esquire
Scott/Kroner, PLC
418 E. Water Street
Charlottesville, Virginia 22902
    *Defendant(s)*

COMES NOW the Plaintiff/Debtor, Anthony Lee Darcus , by counsel, pursuant to 11 U.S.C. §522(h), 11 U.S.C. §547, 11 U.S.C. §550, and Bankruptcy Rule 7001, and respectfully represents unto the Court as follows:

1. That this is a core proceeding and this Court has jurisdiction over this issue pursuant to 28 U.S.C. §157 and 11 U.S.C. §1334.

2. That Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code on March 28, 2014.

3. From January 31, 2014 through March 28, 2014, the wages of Debtor were garnished in the amount of Two Hundred Ninety Six and 51/100 ($296.51) pursuant to a garnishment requested by creditor Augusta Medical Center and issued by the Augusta County General District Court. A copy of the garnishment is attached as Exhibit A, and a copy of the garnished paystubs are attached as Exhibit B. Therefore, as required by 11 U.S.C. 522(g), the transfer of the aforesaid money from Debtor to creditor was not voluntary by the debtor.

4. As required by 11 U.S.C. §522(g), the debtor did not conceal the existence of these garnished funds. The garnishment proceeding is properly listed on the Debtor's statement of financial affairs and the garnished funds properly appear on Schedule B and Schedule C of the Debtor's bankruptcy petition.

5. As required by 11 U.S.C. §522(h) and Va. Code §34-17, Debtor has already properly exempted the garnished funds by timely filing a homestead deed with the Circuit Court Clerk's office on April 1, 2014 . A copy of the filed and recorded homestead deed is attached as Exhibit C.

6. As required by 11 U.S.C. §522(h), the aforesaid garnished funds of $296.51 could have been avoided by the Trustee pursuant to 11 U.S.C. §547 because:

   a. the transfer was for the benefit of creditor ; and

   b. the transfer was payment on an antecedent debt established by judgment of the Court entered and the transfer dates occurred between January 31, 2014 and Marcy 28, 2014; therefore, the transfer was for or on an account of an antecedent debt owed by the debtor before the transfer occurred; and

   c. the transfer was made while the debtor was insolvent (the debtor is presumed insolvent pursuant to 11 U.S.C. §547(f)); and

   d. the transfer of garnished funds, occurring between January 31, 2014 and March 28, 2014 was within 90 days before the date of the filing of the bankruptcy petition which occurred on March 28, 2014; and

   e. the transfer enables creditor to receive more than he would have received if

      i. this case was filed under chapter 7 of the Bankruptcy Code; and

      ii. the transfer had not been made; and

        iii.    had received payment on this debt to the extent provided by the provisions of bankruptcy law.

    f.    Debtor represents to the Court that none of the provisions of 11 U.S.C. §547(c) exist which would have prevented the Trustee to avoid the transfer of the garnished funds.

7. As required by 11 U.S.C. 522(h), the trustee has not attempted to avoid this transfer.

8. Bankruptcy Code 11 U.S.C. §550 permits Debtor to recover garnished funds which have been avoided pursuant to 11 U.S.C. 522(h).

WHEREFORE, Debtor prays that this Court enter an Order, pursuant to 11 U.S.C. §522(h) and 11 U.S.C. §550, which orders creditor to return the garnished funds of $296.51 to the Debtor's counsel; and for such other and further relief as the Court, in equity, deems appropriate.

        /s/ David L. Meeks
        Counsel

David L. Meeks, Esquire
Carlton Legal Services, P.L.C.
118 MacTanly Place
Staunton, VA   24401
(540) 213-0547
V.S.B. #65734